**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HUPP, | No. 16-55266 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-02560-VAP-SP |
| v. | |
| TERRANCE R. HUBBS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Paul Hupp appeals pro se from district court's judgment dismissing his 42

U.S.C. § 1983 action alleging Fourth Amendment and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

The district court properly dismissed Hupp's Fourth Amendment claim arising out of defendant Hubbs' alleged license plate check because Hubbs' act of running a license plate check to access Hupp's home address did not constitute a search under the Fourth Amendment and thus did not require probable cause. *See United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152 (9th Cir. 2007) (a police officer does not conduct a search under the Fourth Amendment when he sees a license plate in plain view and uses it to access non-private information about the car and its owner).

We reject as without merit Hupp's various contentions about the district court's bias, its assignment of cases to particular judges, and its failure to provide an opportunity for oral argument.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-55266